PEARSON, MJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| CLAUDINE G. MANLEY, ) | CASE NO. 1:08CV00664 |
| Plaintiff, ) |  |
| ) | JUDGE ECONOMUS |
| v. ) | MAGISTRATE JUDGE PEARSON |
| MICHAEL J. ASTRUE, ) |  |
| Commissioner of Social Security, ) |  |
| ) | **REPORT AND RECOMMENDATION** |
| Defendant. ) | ( Resolving ECF Nos. 14 and 16) |

This matter is before the Court on a Motion For Award of Attorney Fees (ECF No. 16) filed by the Plaintiff, Claudine G. Manley, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, to which Michael Astrue, Commissioner of Social Security,("Commissioner") has filed an objection. ECF No. 17. On October 19, 2009, District Court Judge Peter Economus referred this matter to the undersigned. ECF No. 15. Pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b), and LR 72.1, Judge Economus directed the undersigned to issue a Report and Recommendation on this matter. ECF No. 15. Based on a review of the above-captioned matter, the parties' briefs and applicable law, the undersigned finds that Commissioner's position was substantially justified. Accordingly, the undersigned recommends that Judge Economus DENY

Manley's Application for Award of Attorneys' Fees. ECF No. 16.[1]

## I. **Background**

On March 17, 2008, Manley sought judicial review of the Social Security Administration's final decision denying her application for a period of disability and Disability Insurance Benefits. ECF No. 1. On July 15, 2008, Commissioner answered Manley's complaint. ECF No. 6. On August 20, 2008, Manley filed a Brief on the Merits. ECF No. 8. On November 19, 2008, Commissioner filed a Brief on the Merits. ECF No. 10.

On July 24, 2009, the undersigned entered a Memorandum of Opinion and Order. ECF No. 11. In the Order, the undersigned reversed the Administration's final decision denying benefits to Manley and remanded the matter, pursuant to the fourth sentence of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). The undersigned instructed that upon remand, the ALJ:

> (1) reconsider Manley's credibility with proper analysis, including the seven factors for evaluating subjective complaints, (2) reevaluate the weight given to medical evidence according to the four factors prescribed for weighing nontreating medical source opinions, and (3) conduct a reassessment of Manley's residual functional capacity, before determining whether Manley is disabled and eligible for Disability Insurance Benefits.

ECF No. 11 at 26.

On August 6, 2009, Commissioner filed a response to the undersigned's Memorandum of Opinion and Order, explaining that he would not be filing objections. ECF No. 12.

On August 27, 2008, District Court Judge Peter Economus adopted the undersigned's Report and Recommendation, and remanded the matter under the fourth sentence of 42 U.S.C.

---

[1] The undersigned also recommends denying as moot Manley's initial motion (ECF No. 14) as described later.

2

§405(g). ECF No. 13 at 2.

On October 16, 2009, Manley filed a Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), including a break down of hours billed and an affidavit from Manley's counsel. ECF Nos. 14, 14-1, and 14-2. Manley seeks an EAJA award in the total amount of "$4,039.75 to be paid directly to plaintiff's attorney calculated at the rate of $173.38 per hour for 23.30 hours of work on this case in federal court." ECF No. 14 at 1. Manley asserts that she is

> entitled to receive attorney fees pursuant to the Equal Access to Justice Act because plaintiff is the prevailing party in this action under *Shalala v. Schaefer*, 509 U.S. 292, 302-303 (1993), is an individual whose net worth did not exceed two million dollars at the time the action was filed as is demonstrated by plaintiff's attached affidavit, and the position of the United States in this litigation was not substantially justified.

ECF No. 14 at 1-2. On the same day, Judge Economus referred this matter to the undersigned. ECF No. 15.

On October 22, 2009, Manley filed an amended "Motion for Award of Attorneys Fees", which is essentially the same as ECF No. 14, except that the amended Motion also includes an affidavit from Manley. ECF Nos. 16, 16-1, 16-2 and 16-3.

On October 29, 2009, Respondent filed an Opposition to Plaintiff's Amended Motion for Attorney's Fees Under the EAJA and Request for Entry of Final Judgment. ECF No. 17. Respondent contends that, "[t]he Court should reject Plaintiff's application for attorney fees because the Commissioner's position was substantially justified." ECF No. 17 at 2.

## II. Analysis

### A. The Equal Access to Justice Act, Generally

The EAJA provides:

3

> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, eligibility for a fee award in a civil action according to the EAJA requires that: 1) the claimant be a prevailing party, 2) the government's position was not "substantially justified," and 3) no special circumstances make an award unjust. *Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 840 (6th Cir. 2006) citing (*Comm'r, I.N.S. v Jean*, 496 U.S. 154, 158 (1990)).

A "party" is any individual whose net worth did not exceed $2 million at the time the civil action was filed. 28 U.S.C. § 2412(d)(2)(B). There is no dispute that Manley's net worth was less than $2 million. Moreover, there is no dispute that Manley became the "prevailing party" when she obtained reversal and remand for further proceedings pursuant to the Fourth Sentence of 42 U.S.C. § 405(g). *See Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993). Finally, the parties do not allege that special circumstances make a fee award unjust, nor does the undersigned find any such circumstances. The dispute centers on whether Commissioner's position was substantially justified.

### B. **Commissioner's Position was Substantially Justified**

No fee may be awarded under EAJA if "the court finds that the position of the United States was substantially justified . . . ." 28 U.S.C. § 2412(d)(1)(B); *see also* ECF No. 17 at 2. "A substantially justified position means "justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *See Pierce v. Underwood*, 487 U.S. 552, 564-

4

65 (1988); *Damron v. Com'r of Soc. Sec.*, 104 F.3d 853, 855-56 (6th Cir. 1997). In other words, the government must show that it had a reasonable basis in law and in fact to undertake the challenged action. *Pierce*, 487 U.S. at 566 n.2. The "substantial justification" standard should not be mistaken for the "substantial evidence" standard used to determine whether an ALJ's decision is proper. *Id.* (*holding* that even if the government's position was not supported by substantial evidence, if it rested on a reasonable basis in law and fact, then it may meet the substantial justification standard); *see also Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). The substantial justification standard is a lesser standard. *Brouwers v. Bowen*, 823 F.2d 273, 275 (8th Cir. 1987). As Commissioner aptly notes, reasonable people may disagree and " fees should not be awarded just because the government lost the case." ECF No. 17 at 3 (*citing Jankovich v. Bowen*, 868 F.2d 867, 869-70 (6th Cir. 1989) (EAJA denial upheld because, while agency's position was not supported by substantial evidence, it was grounded in a reasonable basis of fact and law that claimant was not disabled)).

In the instant case, the undersigned remanded the matter for "further development" of the record, not an automatic award of benefits, due to the ALJ's deficient articulation of the reasoning underlying his findings rather than the lack of a reasonable factual foundation." ECF No. 17 at 3 (*citing Gray v. Comm'r of Sec. Sec.*, 2001 WL 1450821 at *1 (6th Cir., Nov. 6, 2001) (*holding* that the case was remanded not to award benefits, but for 'further proceedings due to an error of law . . . further supports the Commissioner's argument that his position was justifiable.").

### III. Ruling

In determining whether Commissioner's position had a reasonable basis in law and fact

the undersigned examines the Commissioner's litigation position as a whole. *Cf. Comm'r, I.N.S. v. Jean*, 496 U.S. at 161-62 ("While the parties' postures on individual matters may be more or less justified, the EAJA—like other fee-shifting statutes—favors treating a case as an inclusive whole, rather than as atomized line-items."). Having conducted the required intellectual examination, the undersigned finds that Commissioner has met its burden under the EAJA to demonstrate that its position was substantially justified. *United States v. True*, 250 F.3d 410, 419 n.7 (6th Cir. 2001) (*citing Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991)); *see also Healey v. Leavitt*, 485 F.3d 63, 67 (2d Cir. 2007); *Hackett v. Barnhart*, 475 F.3d 1166, 1169 (10th Cir. 2007).

Accordingly, the undersigned recommends that Manley's amended Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412(d) (ECF No. 16) be DENIED and that Manley's Motion for Attorney Award of Attorney Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412(d) (ECF No. 14) be DENIED as moot.

| | |
|---|---|
| November 10, 2009 | /s/ Benita Y. Pearson |
| Date | United States Magistrate Judge |

**OBJECTIONS**

Objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).